UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOYCE A. DORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:08-cv-387- SEB-TAB |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON ATTORNEY WILLIAMS'S CLAIMS REGARDING THE COURT'S FAILURE TO NOTIFY HIM OF ITS ORDERS

On June 17, 2008, the Court issued a Briefing Schedule, which required Plaintiff to file her opening brief on or before July 28, 2008. [Docket No. 15]. Plaintiff failed to comply with the July 28, 2008, deadline and, when the undersigned Judge was made aware of that failure, the Court, *sua sponte*, generously granted Plaintiff additional time to through and including September 30, 2008. [Docket No. 16.] However, Plaintiff also failed to comply with the September 30, 2008, deadline.

On or about November 3, 2008, one of the Court's pro se law clerks telephoned Plaintiff's counsel, Tom Williams, to inquire about the status of Plaintiff's opening brief. Rather than being appreciative of the clerk's personal involvement in his litigation, Mr. Williams complained that he had never received the Court's original briefing schedule (Docket No. 15) or the Court's *sua sponte* entry granting the additional time (Docket No. 16).

Apparently in an effort to corroborate his claim, Mr. Williams contacted both the undersigned Judge's Courtroom Deputy and another Deputy Clerk complaining to each that he had not received either of the Court's orders referencing the due date for Plaintiff's opening brief

(Docket Nos. 15 and 16), nor had he received confirmation that the Court had received his Emergency Motion for Extension of Time filed on November 7, 2008 (Docket No. 17). The Clerk's Office investigated Mr. Williams's complaints and confirmed that Notices of Electronic Filing[1] for Docket Nos. 15, 16, and 17 were all accepted by Mr. Williams's internet service provider and successfully delivered to the email address provided by Mr. Williams to the Court.

Without any evidence to support his assertion of non-delivery, the Clerk's Office, nonetheless, provided Mr. Williams with detailed delivery information for Docket Nos. 16 and 17, including the sender, recipient, subject, message-ID header, message size, ironport host, message timestamp, sending host IP address, and message delivery information. Detailed delivery information is not readily available regarding Docket No. 15, but Mr. Williams was provided with a copy of the Clerk's "bounce back" message report for June 17, 2008 (the date that the NEF for Docket No. 15 was sent to Mr. Williams), showing that the NEF sent to Mr. Williams regarding Docket No. 15 did not "bounce back" to the Clerk's Office as undeliverable.

At the risk of overstaying his welcome, after receiving this information from the Clerk's Office, Mr. Williams again contacted the Deputy Clerk requesting further information in the form of a confirmation that the NEFs sent by the Clerk's Office actually arrived at his computer. He requested that the Clerk's Office identify which of his two computers was the point of receipt of the NEFs, and he requested that the Clerk's Office verify the attachments that were supposed to be attached to the NEFs.

---

[1] The Notice of Electronic Filing, also known as "NEF," is the email notice sent by the Clerk's Office notifying counsel of record of docket activity in a case, including filings made by the parties and court rulings. The corresponding filings and rulings are attached thereto. See Local Rule 5.8.

In response to Mr. Williams's requests for this additional information, Mr. Williams is hereby informed that the Clerk's Office has completed all reasonable and necessary investigations to confirm that there were (and are) no technology problems at the Court that would have prevented Mr. Williams from receiving the NEFs sent to him. Further, the Clerk's Office has confirmed that the NEFs at issue were, indeed, all accepted by Mr. Williams's internet provider and delivered to Mr. Williams's email account. Whether Mr. Williams actually opened and read his emails is beyond the capability of the Clerk's Office to prove, as is the issue of which of his two computers Mr. Williams utilized in opening and reading his emails.

Mr. Williams's imposition on the Court in seeking verification of the delivery of the referenced transactions ends here. If he suspects ongoing problems receiving the Court's NEFs, he should conduct his own investigations with his internet service provider, perhaps with the assistance of a computer technician. Alleged "technology problems" do not and will not excuse Mr. Williams's failures to comply with the Court's orders. Mr. Williams's has a duty both to his clients and to the Court to stay apprised of the status of his cases, which he can do by regularly monitoring the dockets of his cases through PACER.

IT IS SO ORDERED.

Date: 11/20/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Thomas E. Williams
teqw@aol.com